Resubmit HLD-010

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2748
_____

IN RE: LONNIE SPELLMAN,
Petitioner

_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil No. 4-10-cv-02334)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 2, 2015
Before:  MCKEE, Chief Judge, GARTH and BARRY, Circuit Judges

(Opinion filed: March 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Lonnie Spellman, a Pennsylvania prisoner, filed a petition for a writ of

mandamus on July 22, 2015.  See Fed. R. App. P. 21.  He stated that the District Court

had failed to act on his outstanding motion for injunctive relief related to his civil rights

complaint alleging unlawful exposure to second-hand smoke.  Spellman requested, inter

alia, that we grant him injunctive relief and order placement in a single cell and a medical

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

examination. On October 15, 2015, we directed the Respondents and invited the District Court to respond to Spellman's petition. The District Court reopened Spellman's case on October 19, and then entered a memorandum and order on October 30, addressing pending matters in Spellman's case, including his request for a temporary restraining order or preliminary injunction.

Because the District Court has reopened Spellman's case and addressed the pending motions, his mandamus petition must be dismissed as moot to the extent it was predicated on the District Court's failure to exercise jurisdiction. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). To the extent that Spellman also asked this Court to grant him substantive relief related to his pending action, we deny that request, as it would properly be asserted before the District Court and then raised on appeal, if necessary. See In re Chambers Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998) (explaining that mandamus is an appellate power "different in kind from an appeal" and thus "not a substitute for appeal").

Accordingly, for the reasons given, we will dismiss the petition for a writ of mandamus in part and deny it in part.